UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:08-cr-4 (JCH) |
| | : | |
| ROBERT RAWLS | : | JUNE 17, 2008 |

**ORDER**

Defendant Robert Rawls has filed a motion to suppress post-arrest statements he made in DEA custody while being transported to the West Haven Police Department. See Doc. Nos. 217, 330. Rawls claims that his statements were made in violation of his Miranda rights.

The only evidence Rawls offers in support of his claim is a DEA-6 report which states that after his arrest, Rawls "spoke casually" to the two DEA agents who were transporting him. Rawls points out that nothing in the DEA-6 report indicates that Rawls had been read his Miranda rights before making these statements.

Miranda's protection only extends to individuals subjected to custodial interrogation. See Miranda v. Arizona, 384 U.S. 436, 444 (1966). In this case, there is no evidence before the court that Rawls was subject to an "interrogation" while being transported. Indeed, from the face of the DEA-6, he appears to have volunteered his information without any compulsion from the government (aside from the fact that he was taken into custody). This is insufficient to trigger Miranda. See Rhode Island v. Innis, 446 U.S. 291, 300 (1980) (explaining that "interrogation" under Miranda "must reflect a measure of compulsion above and beyond that inherent in custody itself").

1

The defendant's Motions to Suppress [Doc. Nos. 217, 330] are **DENIED WITHOUT PREJUDICE**.  If the defendant believes that the circumstances of his statement were such that there was a constitutional violation, the defendant can file a renewed motion with a supporting affidavit.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 17th day of June, 2008.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge